IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:26MJ406 |
| Plaintiff, | ) | |
| v. | ) | **OBJECTION TO THE GOVERNMENT'S MOTION TO REVIEW RELEASE** |
| CHE KRISTIAN SALPAS, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Che Kristian Salpas, by and through counsel, Michael J. Hansen, and respectfully objects to the Government's Motion for Stay and Review of Magistrate Judge Carson's Order of Release (filing 19). The Government has failed to establish that the conditions imposed by Magistrate Judge Carson are insufficient to reasonably assure either Mr. Salpas's appearance or the safety of the community as required under the Bail Reform Act, 18 U.S.C. §3142.

Instead, the Government's motion relies heavily upon inflammatory rhetoric and generalized allegations of "danger" that are fundamentally inconsistent with its own investigation. Most notably, the Government attempts to characterize Mr. Salpas as an urgent danger to the community notwithstanding the evidence adduced at the preliminary hearing (and mentioned in its motion, filing 19, pp. 2-3.) that Mr. Salpas manifested a clear intention to not take the explosive to the airport and did not know the item was in his carry-on bag when he entered the airport with it. The Government cannot credibly claim immediate and intolerable

danger now while having heard (and recited in its motion) the evidence presented that the presence of the explosive in the airport was clearly done by mistake.

For the reasons set forth below, the Court should deny the Government's motion and affirm Magistrate Judge Carson's release order.

## I. THE BAIL REFORM ACT FAVORS RELEASE UNDER THE LEAST RESTRICTIVE CONDITIONS NECESSARY

The Bail Reform Act "carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987). The Act establishes a strong presumption in favor of release and requires courts to impose "the least restrictive further condition, or combination of conditions," that will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B).

Pretrial detention is "the carefully limited exception," not the rule. *Salerno*, 481 U.S. at 755. The Government bears the burden of proving dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence. 18 U.S.C. § 3142(f).

Here, Magistrate Judge Carson considered the relevant statutory factors under § 3142(g), heard the Government's arguments, evaluated the proposed conditions of release with extreme care, and determined that release with conditions was appropriate and that the Government did not meet its burden. The Government's motion presents no change in circumstances and largely repackages arguments already considered and rejected by the Court.

## II. THE CONDITIONS OF RELEASE ADEQUATELY ADDRESS ANY CONCERNS REGARDING COMMUNITY SAFETY

The Court's release order imposes substantial conditions designed to reasonably assure both compliance and community safety. Importantly, Mr. Salpas was previously subject to

active supervision in Benton County, Oregon, including ongoing probationary oversight and drug and alcohol testing, and successfully completed it early. By doing so, Mr. Salpas has already demonstrated accountability to supervising authorities by being subject to testing requirements and conditions of supervision. Additional conditions set by Judge Carson include drug and alcohol testing, obtaining a substance abuse evaluation, a search provision for Mr. Salpas's home, and not discussing the case with potential witnesses. Mr. Salpas was also advised he is subject to a whole host of penalties if he violates any of the requirements enumerated in the Order. (filing 16)

The Government's motion largely ignores these existing safeguards and instead asks this Court to assume, without evidence, that no set of conditions could reasonably manage the alleged risks. The Bail Reform Act does not require absolute guarantees; it requires only reasonable assurance. *See* 18 U.S.C. § 3142(c).

## III. THE GOVERNMENT'S "DANGER" ARGUMENT IS UNDERMINED BY ITS OWN POST-ARREST INVESTIGATION

The Government's argument regarding alleged danger lacks credibility when viewed against the timeline of its own investigation. The Government now urges detention by portraying Mr. Salpas as an immediate danger to the community. Yet federal authorities obtained information from two witnesses in Lincoln (while the initial appearance was happening in Omaha) that the explosive was accidentally and mistakenly put into Mr. Salpas's carry-on bag unbeknownst to him. Despite that knowledge, the Government continues to seek detention even though Judge Carson can clearly factor in the weight of the evidence against Mr. Salpas pursuant to § 3142(g)(2). The government will have a difficult time proving knowing possession beyond

a reasonable doubt if it is able to secure an Indictment on the charge alleged in the Complaint. This is not to minimize the seriousness of the allegations in the Complaint, but the post-arrest investigation that occurred is being minimized by the government notwithstanding evidence of actual innocence as to element of possession which requires it be done knowingly. "An act is done knowingly if 'the defendant is aware of the act and does not act [or fail to act] through ignorance, mistake, or accident.'" *United States v. Holy Bull*, 613 F.3d 871, 874 (8th Cir. 2010).

**IV. THE SECTION 3142(g) FACTORS SUPPORT RELEASE**

**A. Nature and Circumstances of the Offense**

While the charged offense is serious, seriousness alone does not mandate detention. Congress specifically rejected a regime of automatic detention based solely upon the allegations contained in a charging document. There are offenses that presume detention. This is not one of those enumerated offenses.

**B. Weight of Evidence**

Normally, counsel would argue that the weight of the evidence is the least important factor under the Bail Reform Act because the Court must avoid transforming a detention hearing into a preliminary determination of guilt. However, since there is clear evidence of actual innocence that Mr. Salpas did not knowingly possess an explosive in an airport, this factor should be given greater weight than the garden variety federal case. Moreover, the Government's discounting evidence of actual innocence does little to establish that Mr. Salpas presently poses an unmanageable danger under supervision.

**C. History and Characteristics of the Defendant**

Mr. Salpas's history and characteristics support release with conditions. He was previously subject to supervision in Benton County, Oregon and successfully completed a structured probation that included drug and alcohol testing. That supervision provided meaningful accountability and oversight. There is no evidence that Mr. Salpas has failed to appear for court proceedings or otherwise demonstrated that he cannot comply with structured conditions imposed by supervising authorities.

**D. Nature and Seriousness of Any Danger to the Community**

The Bail Reform Act requires the Court to evaluate whether any danger can be reasonably mitigated through conditions. Here, the combination of federal pretrial supervision, drug and alcohol testing, and the other specific conditions that were carefully considered and imposed by Judge Carson adequately addresses any legitimate concerns. The Government's request effectively asks this Court to impose detention based upon speculation and rhetoric rather than evidence demonstrating that no condition or combination of conditions could reasonably assure community safety.

**V. CONCLUSION**

Magistrate Judge Carson carefully considered the statutory factors under 18 U.S.C. §3142 and determined that release with conditions was appropriate. The Government has failed to demonstrate that the release order was clearly erroneous or contrary to law. Instead, the Government relies upon arguments of purported "danger" that are substantially undermined by its own investigation following Mr. Salpas's arrest.

The Government's motion improperly invites this Court to substitute its judgment for that of Magistrate Judge Carson merely because the Government disagrees with the outcome. Congress vested magistrate judges with authority to conduct detention hearings and make release determinations under the Bail Reform Act. Those determinations are entitled to meaningful consideration and should not be casually second-guessed absent a legitimate basis grounded in the statutory framework.

If the Government is permitted to routinely seek review whenever it disagrees with a release decision, particularly where new facts are ignored or changed circumstances exist, the practical result will be to undermine the role of magistrate judges in this District and create an unnecessary increase in detention litigation before the District Court. Such a practice risks transforming review into a routine second attempt rather than the limited mechanism contemplated by the Bail Reform Act.

This Court should decline the Government's invitation to supplant Magistrate Judge Carson's reasoned determination with a de novo reweighing driven primarily by disagreement with the result.

WHEREFORE, Defendant Che Kristian Salpas respectfully requests that this Court deny the Government's Motion for Review, affirm Magistrate Judge Carson's Order of Release and direct the United States Marshal Service to release Mr. Salpas.

CHE KRISTIAN SALPAS, Defendant,

By: s/ Michael J. Hansen

**MICHAEL J. HANSEN**
**Assistant Federal Public Defender**
1620 Dodge Street, Suite 600
Omaha, NE 68102
(402) 221-7896
fax: (402) 221-7884
e-mail: mike_hansen@fd.org